UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **00-6049**

18 U.S.C. § 371
26 U.S.C. § 7206(1)

**CR-DIMITROULEAS**

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
v.                          )
                            )
SAMUEL VELEZ, JR.,          )
ANTHONY GARILLI, and        )
JOSEPH SALINA,              )
                            )
            Defendants.     )
_____)

## INDICTMENT

The Grand Jury Charges:

### Introduction

At all times relevant to this Indictment:

1. Defendant SAMUEL VELEZ, JR. ("VELEZ") was the president and held himself out as the 100% owner of Valencia Fitness, Inc. ("Valencia"), a C Corporation which operated a health club doing business as Gold's Gym at 6766 Forest Hill Boulevard, West Palm Beach, Florida.

2. VELEZ was president and a 30% shareholder of Back to Back Enterprises of Florida, Inc. ("Back to Back"), a Subchapter S Corporation which operated a health club doing business as Gold's Gym at 1427 East Commercial Boulevard, Fort Lauderdale, Florida.



3. GARILLI was vice president and a 30% shareholder of Back to Back.

4. JOSEPH SALINA ("SALINA") was owner of Salina Accounting and Tax Service, an accounting and tax preparation service in West Palm Beach, Florida.

5. SALINA prepared the following federal income tax returns: Valencia's 1993 U.S. Corporation Income Tax Return, Form 1120; Back to Back's 1993 U.S. Income Tax Return for an S Corporation, Form 1120S; VELEZ's 1993 joint U.S. Individual Income Tax Return, Form 1040; GARILLI's 1993 U.S. Individual Income Tax Return, Form 1040.

<u>COUNT ONE</u>

1. Paragraphs 1 through 5 of the Introduction to this Indictment are realleged and incorporated in this count.

2. From in and about March, 1993, through in or about October, 1995, at Fort Lauderdale, Broward County, in the Southern District of Florida, and elsewhere, defendants,

> SAMUEL VELEZ, JR.,
> ANTHONY GARILLI,
> and
> JOSEPH SALINA

and others known and unknown to the grand jury did knowingly and willfully, combine, conspire, confederate, and agree to defraud the United States Treasury Department and the Internal Revenue Service, a department and agency of the United States, by impeding, impairing, obstructing and defeating the lawful government functions of the Treasury Department and the Internal Revenue Service in the

ascertainment, computation, assessment, and collection of federal income taxes.

3.    MANNER AND MEANS TO ACCOMPLISH THE OBJECTS OF THE CONSPIRACY

A.    VELEZ diverted and caused others to divert cash from Back to Back's daily sales receipts which were not deposited into the corporation's bank account.

B.    VELEZ failed and caused others to fail to record the diverted cash receipts in Back to Back's books and records.

C.    VELEZ and GARILLI paid and caused the payment of cash salaries of approximately $500 per week to themselves and two other shareholders each out of the diverted receipts.

D.    VELEZ and GARILLI failed and caused others to fail to reflect the cash salary payments in Back to Back's books and records or on IRS Forms W-2 which were prepared at the end of the tax year.

E.    VELEZ and GARILLI exchanged and caused others to exchange personal checks payable to "Back to Back" for diverted cash which was falsely reflected in Back to Back's books and records as "Paid in capital."

F.    VELEZ and GARILLI caused the preparation of a false U.S. Income Tax Return for an S Corporation, Form 1120S, for Back to Back Enterprises for tax years 1993 and 1994, which did not reflect all cash sales receipts.

G.    VELEZ directed SALINA to falsify an entry in Back to Back's books and records which further understated the income

reflected on the 1993 corporate income tax return by approximately $115,000.

    H.    VELEZ, GARILLI, SALINA and others known and unknown to the Grand Jury, concealed the existence of the conspiracy and took steps designed to prevent the disclosure of their activities.

<u>Overt Acts</u>

    4.    In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed within the Southern District of Florida, and elsewhere:

    A.    In or about March, 1993, VELEZ directed that a portion of Back to Back's daily cash sales receipts be placed in the office safe in Fort Lauderdale, Florida. These diverted receipts were neither deposited into the corporate bank account nor recorded as sales in the books and records.

    B.    In or about March, 1993, VELEZ and GARILLI began paying weekly cash salaries of $500 each out of the diverted and skimmed receipts to themselves and two other shareholders.

    C. On or about the following dates, VELEZ and GARILLI, and others both known and unknown to the grand jury, issued and caused the issuance of checks payable to Back to Back in exchange for diverted and skimmed cash receipts, each such transaction constituting a separate overt act as follows:

| Overt Act | Date     | Check No. | Amount  |
|-----------|----------|-----------|---------|
| 1)        | 10-20-93 | 206       | $4,000  |
| 2)        | 10-20-93 | 134       | 4,000   |
| 3)        | 10-20-93 | 4814      | 4,500   |
| 4)        | 10-27-93 | 4817      | 5,000   |
| 5)        | 11-03-93 | 4818      | 5,000   |
| 6)        | 11-05-93 | unknown   | 3,000   |
| 7)        | 11-09-93 | 199       | 3,000   |
| 8)        | 11-16-93 | 151       | 4,000   |
| 9)        | 11-23-93 | 226       | 6,000   |
| 10)       | 11-30-93 | 4822      | 5,000   |
| 11)       | 12-08-93 | 157       | 5,000   |
| 12)       | 12-16-93 | 101       | 5,000   |
| 13)       | 12-17-93 | 4825      | 5,000   |
| 14)       | 12-20-93 | 164       | 3,301   |

5. On or about and between October 20, 1993 and December 20, 1993, VELEZ and GARILLI, and others both known and unknown to the grand jury, directed defendant SALINA to record checks payable to Back to Back in exchange for diverted and skimmed cash receipts as "Additional Paid in Capital from Shareholders" on the books and records of Back to Back.

6. In or about February 4, 1994, VELEZ directed SALINA to record a false entry on the books and records of Back to Back to reduce Back to Back's sales income by $115,000 for calendar year 1993.

7. On or about March 2, 1994, VELEZ signed and caused to be filed with the Internal Revenue Service Back to Back's 1993 corporate income tax return, wherein it was reported on line 21, an ordinary loss from trade or business activities of $4,715.80.

5

8. On or about September 14, 1995, VELEZ signed and caused to be filed Back to Back's 1994 corporate income tax return, wherein it was reported on line 21, ordinary income from trade or business activities of $121,440.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

1. The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2. On or about March 2, 1994, in the Southern District of Florida, the defendant,

SAMUEL VELEZ, JR.,

a resident of West Palm Beach, Florida, did willfully make and subscribe to a U.S. Corporation Income Tax Return for an S Corporation, Form 1120S, for Back to Back Enterprises of Florida, Inc., for the calendar year 1993, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1120S he did not believe to be true and correct as to every material matter in that the defendant reported on line 21 an ordinary loss of $4,715, whereas, as he then and there well knew and believed, Back to Back Enterprises realized ordinary income substantially in excess of the claimed $4,715 loss.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNT THREE

1.  The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2.  On or about March 15, 1994, in the Southern District of Florida, the defendant,

### SAMUEL VELEZ, JR.,

a resident of West Palm Beach, Florida, did willfully make and subscribe to a U.S. Corporation Income Tax Return, Form 1120, for Valencia Fitness, Inc., for the year 1993, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1120 he did not believe to be true and correct as to every material matter in that the defendant reported on line 8 capital gain net income of $73,195 for 1993, whereas, as he then and there well knew and believed, Valencia Fitness, Inc.'s capital gain net income was substantially in excess of $73,195.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNT FOUR

1.  The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2.  On or about March 23, 1994, in the Southern District of Florida, the defendant,

SAMUEL VELEZ, JR.,

a resident of West Palm Beach, Florida, did willfully make and subscribe to a joint U.S. Individual Income Tax Return, Form 1040, for calendar year 1993, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 23 total income of $66,707 whereas, as he then and there well knew and believed, his total income was substantially in excess of $66,707.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNT FIVE

1. The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2. On or about April 4, 1994, in the Southern District of Florida, the defendant,

ANTHONY GARILLI,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a U.S. Individual Income Tax Return, Form 1040, for calendar year 1993, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 23

total income of $8,994 whereas, as he then and there well knew and believed, his total income was substantially in excess of $8,994.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNT SIX

1. The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2. On or about September 14, 1995, in the Southern District of Florida, the defendant,

SAMUEL VELEZ, JR.,

a resident of West Palm Beach, Florida, did willfully make and subscribe to a U.S. Corporation Income Tax Return of an S Corporation, Form 1120S, for Back to Back Enterprises of Florida, Inc., for calendar year 1994, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1120S he did not believe to be true and correct as to every material matter in that the defendant reported on line 21 ordinary income of $121,440, whereas, as he then and there well knew and believed, Back to Back Enterprises' ordinary income was substantially in excess of $121,440.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN

1. The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2. On or about October 11, 1995, in the Southern District of Florida, the defendant,

SAMUEL VELEZ, JR.,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a U.S. Individual Income Tax Return, Form 1040, for calendar year 1994, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 22 total income of $64,718, whereas, as he then and there well knew and believed, his total income was substantially in excess of $64,718.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT

1. The Introduction and the factual allegations in paragraphs 3 through 8 of Count One of this Indictment are realleged and incorporated in this Count.

2. On or about October 12, 1995, in the Southern District of Florida, the defendant,

ANTHONY GARILLI,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a U.S. Individual Income Tax Return, Form 1040, for

calendar year 1994, which was verified by a written declaration that it was made under penalties of perjury and was filed with the IRS, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 22 total income of $70,680, whereas, as he then and there well knew and believed, his total income was substantially in excess of $70,680.

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL

*(signed)* Richard M. Sloan
FOREPERSON

*(signed)*
THOMAS E. SCOTT
UNITED STATES ATTORNEY

*(signed)*
BETH M. ELFREY
SPECIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

*(signed)*
GREGORY E. TORTELLA
SPECIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        )    CASE NO. _____
                                )
v.                              )    **CERTIFICATE OF TRIAL ATTORNEY**
                                )
Samuel Velez, Jr.               )
Anthony Garilli,                )
Joseph Salina                   )

**Superseding Case Information**:
New Defendant(s)                Yes ____    ____
Number of New Defendants        ____
Total number of counts          ____

**Court Division**: (Select One)

____ Miami     ____ Key West
_X_ FTL        ____ WPB    ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    __NO__
   List language and/or dialect   _____

4. This case will take   _15_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    0 to 5 days      ____          Petty     ____
   II   6 to 10 days     ____          Minor     ____
   III  11 to 20 days    _X_           Misdem.   ____
   IV   21 to 60 days    ____          Felony    _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court?    (Yes or No)   _NO_   If yes:
Judge: _____ Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)    No_____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____
Is this a potential death penalty case? (Yes or No) ____No____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?
   ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

                                    _____
                                    BETH M. ELFREY
                                    Special Attorney
                                    Florida Bar No. 0964883

*Penalty Sheet(s) attached                                    REV.9/99

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: <u>Samuel Velez, Jr.</u>          No.: _____

Count #I:
Conspiring to impede and impair the Internal Revenue Service; Title 18, United States Code, Section 371

*Max Penalty: 5 years' imprisonment

Count #II:
Filing a false 1993 United States Corporate Income Tax Return, Form 1120S; Title 26, United States Code, Section 7206(1)

*Max Penalty: 3 years' imprisonment

Count #III:
Filing a false 1993 United States Corporate Income Tax Return, Form 1120; Title 26, United States Code, Section 7206(1)

*Max Penalty: 3 years' imprisonment

Count #IV:
Filing a false 1993 United States Individual Income Tax Return, Form 1040; Title 26, United States Code, Section 7206(1)

*Max Penalty: 3 years' imprisonment

Count #VI:
Filing a false 1994 United States Corporate Income Tax Return, Form 1120S Title 26, United States Code, Section 7206(1)

*Max Penalty: 3 years' imprisonment

Count #VII:
Filing a false 1994 United States Individual Income Tax Return, Form 1040 Title 26, United States Code, Section 7206(1)

*Max Penalty: 3 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: <u>Anthony Garilli</u>          No.: _____

Count #I:
<u>Conspiring to impede and impair the Internal Revenue Service; Title 18, United States Code, Section 371</u>

<u>*Max Penalty: 5 years' imprisonment</u>

Count #V:
<u>Filing a false 1993 United States Individual Income Tax Return, Form 1040; Title 26, United States Code, Section 7206(1)</u>

<u>*Max Penalty: 3 years' imprisonment</u>

Count #VIII:
<u>Filing a false 1994 United States Individual Income Tax Return, Form 1040; Title 26, United States Code, Section 7206(1)</u>

<u>*Max Penalty: 3 years' imprisonment</u>

Count #:

_____

_____

_____

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: <u>Joseph Salina</u>　　　　　No.: _____

Count #I:
<u>Conspiring to impede and impair the Internal Revenue Service; Title 18, United States Code, Section 371</u>

<u>*Max Penalty: 5 years' imprisonment</u>

Count #:

_____

*Max Penalty: _____

Count #:

_____

_____

*Max Penalty: _____

Count # :

_____

_____

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV 12/12/96