UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6049-CR-DIMITROULEAS
MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,             )
                              )
                              )
v.                            )
                              )
SAMUEL VELEZ, JR., and,       )
ANTHONY GARILLI,              )
                              )
        Defendants.           )   **GOVERNMENT'S RESPONSE TO**
_____)   **STANDING DISCOVERY ORDER**



The United States hereby files its response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   Copies of written or recorded statements of the defendants were made available to defense counsel for defendant Velez during the week beginning March 20, 2000, and to defense counsel for defendant Garilli during the week beginning March 27, 2000.

        2.   The government is unaware of any written record containing the substance of any oral statements



2

        made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. Defendant Velez testified as a records custodian before the grand jury. A copy of his grand jury transcript was made available to defense counsel during the week of March 27, 2000. Defendant Garilli did not testify before the grand jury.

4. Copies of the FBI arrest record of the defendants, if any exists, will be made available upon receipt by this office.

5. During the weeks of March 20, 2000, and March 27, 2000, respectively, books, papers, documents, photographs, and tangible objects which the government intends to use as evidence at trial to prove its case-in-chief, or were obtained or belonging to the defendants, were made available to defense counsel of defendant Velez and defense counsel of defendant Garilli.

6. There were no scientific tests or experiments conducted in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as

3

        items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.        The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). During the weeks of March 20, 2000 and March 27, 2000, all material which might contain such information was made available to defense counsel for defendants Velez and Garilli.

D.        During the weeks of March 20, 2000 and March 27, 2000, respectively, the government made available to defense counsel for defendants Velez and Garilli, any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.        The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.        Neither defendant was identified in a lineup, show up,

4

      photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case-in-chief proof of evidence pursuant to Fed. R. Evid. 404(b). The defendant is hereby on notice that all evidence made available to them for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Fed. R. Evid. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    Neither defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    No automobile, vessel, or aircraft was involved in the commission of this offense.

M.    No latent fingerprints or palm prints have been identified by a government expert as those of the

5

defendants.

N. The government does not intend to offer any expert testimony at the trial of this cause.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law, the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at or after the discovery conference.

P. At or after the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi

6

defense; the approximate time, date, and place of the offense was:

        Time/Date:    Between 1993 and October 1995.

        Place:    Broward and Palm Beach County, Florida.

        Respectfully submitted,

        THOMAS E. SCOTT
        UNITED STATES ATTORNEY

By: *[signature]*
    BETH M. ELFREY
    Special Attorney
    U.S. Department of Justice
    Florida Bar No. 0964883

*[signature]*
GREGORY E. TORTELLA
Special Attorney
U.S. Department of Justice
Florida Bar No. A5500373
P.O. Box 972
Ben Franklin Station
Washington, D.C. 20530
(202) 514-5145
(202) 514-0961 (Fax)

7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 31st day of March, 2000 to:

>Mark Nurick, Esq.
>Michael Popok, Esq.
>Ruden, McClosky, Smith, Schuster & Russell
>200 E. Broward Boulevard, 15th Floor
>Fort Lauderdale, Florida 33301
>
>Bruce A. Zimet, Esq.
>One Financial Plaza, Suite 2612
>Fort Lauderdale, Florida 33394

BETH M. ELFREY
Special Attorney
U.S. Department of Justice