UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6049-CR-DIMITROULEAS
MAGISTRATE JUDGE SELTZER

UNITED STATES OF AMERICA,         )
                                  )
        Plaintiff,                )
                                  )
                                  )
v.                                )
                                  )
SAMUEL VELEZ, JR., and,           )
ANTHONY GARILLI,                  )
                                  )    GOVERNMENT'S FIRST
        Defendants.               )    SUPPLEMENTAL RESPONSE
                                  )    TO STANDING DISCOVERY ORDER
_____)

The United States hereby files its First Supplemental Response to the Standing Discovery Order pursuant to the Court's order. As set forth below, the government has complied with its discovery obligations. This First Supplemental Response is numbered to correspond with the Standing Discovery Order as follows:

    A.    1.    Copies of written or recorded statements of the defendants were made available for inspection and copying to defendant Velez during the week beginning March 20, 2000, and to defendant Garilli during the week beginning March 27, 2000. In addition, on April 7, 2000, the government



2

sent each defendant copies of two tape-recorded statements of the defendants.

2. The government is unaware of any written record containing the substance of any oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. Defendant Velez testified as a records custodian before the grand jury. A copy of his grand jury transcript was made available to defense counsel during the weeks of March 20, 2000 and March 27, 2000, respectively, for inspection and copying. In addition, on April 7, 2000, the government sent both defense counsel a copy of such testimony. Defendant Garilli did not testify before the grand jury.

4. Copies of the FBI arrest records of the defendants was sent to both defense counsel on April 7, 2000.

5. During the weeks of March 20, 2000 and March 27, 2000, respectively, books, papers, documents, photographs, and tangible objects which the government intends to use as evidence at trial to

3

prove its case-in-chief, or were obtained or belonging to the defendants, were made available to defense counsel of defendant Velez and defense counsel of defendant Garilli for inspection and copying. In addition, on April 7, 2000, the government furnished defense counsel copies of the various federal income tax returns that are the subject of the pending indictment, the search warrant affidavit and the search warrant inventory index. Lastly, during the week of April 10, 2000, the government made arrangements with an independent copier to have all of the government's case-in-chief materials copied for the defendants. Those copies are expected to be completed during the early part of the week of April 17, 2000 and will be available for delivery to the defendants upon completion.

6. There were no scientific tests or experiments conducted in connection with this case.

B. SECOND DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery

4

Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). However, during the weeks of March 20, 2000 and March 27, 2000, all material which might contain such information was made available for inspection and copying to defense counsel for defendants Velez and Garilli, respectively.

D. During the weeks of March 20, 2000 and March 27, 2000, respectively, the government made available to defense counsel for defendants Velez and Garilli, any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). In addition, on April 7, 2000, the government sent to each

5

defendant a copy of the government's plea agreement with co-defendant Joseph Salina and his FBI arrest record.

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  Neither defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The defendants are hereby on notice that all evidence made available to them for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause as evidence of willfulness, or in the alternative, under Fed. R. Evid. 404(b). Specifically, the government will offer evidence of defendant Garilli's tax filing/paying history and the concealment of his ownership interest in Valencia Fitness, Inc. In

6

addition, the government will offer evidence that defendant Velez caused to be prepared and filed false state sales tax returns for Back to Back, Enterprises, Inc., during 1993 and 1994. The government will also offer evidence that defendant Velez acted as the nominee owner of co-defendant Garilli's ownership interest in Valencia Fitness, Inc. and concealed Garilli's ownership interest from the Internal Revenue Service and that defendant Velez caused to be prepared false federal income tax returns reflecting inflated income figures and submitted such bogus returns to vendors/lenders for the purpose of obtaining financing.

I.  Neither defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  No automobile, vessel, or aircraft was involved

7

      in the commission of this offense.

M.    No latent fingerprints or palm prints have been identified by a government expert as those of the defendants.

N.    The government does not intend to offer any expert testimony at the trial of this cause.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law, the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at or after the discovery conference.

P.    At or after the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government

8

pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time/Date:    Between 1993 and October 1995.

    Place:    Broward and Palm Beach County, Florida.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
BETH M. ELFREY
Special Attorney
U.S. Department of Justice
Florida Bar No. 0964883


_____
GREGORY E. TORTELLA
Special Attorney
U.S. Department of Justice
Florida Bar No. A5500373
P.O. Box 972
Ben Franklin Station
Washington, D.C. 20530
(202) 514-5145
(202) 514-0961 (Fax)

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 14th day of April, 2000 to:

Mark Nurick, Esq.
Michael Popok, Esq.
Ruden, McClosky, Smith, Schuster & Russell
200 E. Broward Boulevard, 15th Floor
Fort Lauderdale, Florida 33301

Bruce A. Zimet, Esq.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

BETH M. ELFREY
Special Attorney
U.S. Department of Justice