IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6049-CR-DIMITROULEAS/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SAMUEL VELEZ, JR.,
ANTHONY GARILLI, and
JOSEPH SALINA

    Defendant.



**DEFENDANTS SAMUEL VELEZ, JR.'S AND ANTHONY
GARILLI'S JOINT OMNIBUS PRETRIAL MOTIONS PURSUANT
TO LOCAL RULE 88.9 WITH INCORPORATED MEMORANDA OF LAW**

**COMES NOW**, Defendants SAMUEL VELEZ, JR. ("Mr. Velez") and ANTHONY GARILLI ("Mr. Garilli") (collectively, the "Defendants"), by and through their undersigned counsel, and as set forth below, hereby move this Honorable Court pursuant to Rules 7(f), 12(b)(3), and 16 of the Federal Rules of Criminal Procedure; Rules 404(b), 501, and 807 of the Federal Rules of Evidence; and S.D. Fla. L.R. 7.1 and 88.9 [1], to:

Obtain from the Government:

- (a) the method of proof it will rely upon to prosecute the pending tax evasion and *Klein* conspiracy claims against Defendants;

- (b) all reports prepared by any and all agents of the Internal Revenue Service ("IRS") referring or relating to the method of proof which forms the basis of the prosecution;

---

[1] Pursuant to S.D. Fla. L.R. 88.9, the undersigned counsel certify that prior to filing these Omnibus Pretrial Motions they attempted to confer with the Government's counsel in an effort in good faith to resolve by agreement the subject-matter of this motion, but that he was unable to reach Mr. Tortella by phone prior to the deadline for filing these Motions, and as a result, the parties have been unable to resolve these issues.

WPB:112944:1



- (c) a Bill of Particulars, pursuant to Fed. R. Crim. Pr. 7(f), as to certain of the Indictment's allegations; and,

- (d) its notice of intent to rely at trial on certain evidence, including any privileged material pursuant to Fed. R. Evid. 501.

## I. INTRODUCTION

The Government's discovery responses are deficient in a number of respects. First, rather than provide the Defendants with the notice required under the Federal Rules of Evidence concerning the Government's possible use of certain types of evidence under Rule 404(b) and 807 or otherwise, the Government has instead pointed to tens of thousands of pages of unindexed discovery, and effectively said "go find it" in response to Defendants' frequent requests for proper notification and production. Second, even at this late date, the Government has not formally notified the Defendants of the method of proof it will use to prosecute the eight (8) count tax fraud and conspiracy Indictment (Dkt. # 1) to permit the Defendants to make a meaningful review of the financial documents produced to date. And third, the Indictment's allegations concerning the charges against Defendants are missing certain critical information to permit Defendants to not only understand the charges against them, but also to mount a vigorous defense, and to avoid surprise and a possible violation of Defendants' double jeopardy rights.

1. *Relevant Procedural History*

On March 2, 2000, an eight (8) count Indictment (Dkt. # 1) was returned against the Defendants, alleging *inter alia*, that each was a participant in a *Klein* conspiracy to evade both individual and corporate income taxes for the 1993 and 1994 tax years. The Indictment alleges that the Defendants owned a personal fitness gym, and that during the period of its operation the

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

Defendants earned income from various sources related to the gym's operation that were not reported on either the Defendants' nor the sub-S corporation's tax returns. On March 20, 2000 and March 28, 2000 respectively, Messrs. Velez and Garilli were arraigned (Dkt. ## 30 and 35). Also on even date, the Court issued its Standing Discovery Orders (Dkt. ## 31 and 37) which required the Government to provide Defendants with certain specified discovery related to both the Government's case-in-chief, as well as the Defendants' defenses.

On or about April 20, 2000, pursuant the Court's Standing Discovery Orders and the Magistrate Judge's subsequent orders, the Government provided to defense counsel what it claims are its case-in-chief material, along with a skeletal index of this material. In addition, another 60 or so boxes of discovery have been made available to Defendants for review, although no usable index has been provided. By order of the Court, trial of this matter will occur on July 10, 2000 and will last approximately 7 to 10 days.

## II.    ARGUMENT

### 1.    THE GOVERNMENT MUST DISCLOSE CERTAIN INFORMATION IN ADVANCE OF TRIAL TO THE DEFENSE.

#### A.    *The Government Must Disclose the Method of Proof It Will Use To Permit the Defendants To Defend Against the Charges Against Them.*

Although the Government has filed two responses to the Court's Standing Discovery Order (Dkt. ## 40 and 50), it has not yet formally disclosed to defense counsel the method of proof (*i.e.* specific item, net worth, etc.) it will use in this tax evasion prosecution. Without this information, the Defendants are unable to adequately prepare their defense. *See generally United States v. Hart*, 70 F.3d 8543, 860 (6th Cir. 1995) (holding that in false income tax return case, trial court had properly instructed the government to timely provide defendants, before trial, with the government's "theory of proof" in respect to the tax counts); *United States v.*

*Harden*, 526 F.2d 884, 886 (5th Cir. 1976) (affirming trial court's granting of motion for bill or particulars pursuant to Fed. R. Crim. Pr. 7(f) seeking the method of proof to be used by the government in a tax fraud prosecution). If Defendants do not immediately obtain information concerning the Government's method of proof as sought herein, the defense, including its expert forensic accountant, are left with having to blindly review the voluminous documents produced by the Government to date, and guess about which of several methods of proof the Government will use at trial. Further, uncertainty about the Government's proof methods will inevitably lead to a waste of the defense's scarce resources, as it would require multiple analyses for the several proof methods available to the Government. Moreover, to the extent that the evidence that the Government attempts to introduce at trial is as "fatal variance" with the proof method identified by it, the Defendants will be able to appropriately move against the Government's case-in-chief. *Hart*, 70 F.3d at 860 (observing that where there is a "fatal" or "material" variance between the government's asserted pretrial method of proof and the proof offered at trial, and such variance prejudices the "substantial rights" of the defendant, such variance is grounds for reversal of a conviction). Consequently, Defendants respectfully request that the Court order that the Government make an immediate disclosure of the method of proof to be used in its case-in-chief.

    B.    ***The Government Should Be Compelled to Produce Certain IRS Reports.***

In its Supplemental Standing Discovery Response (the "Supplemental Response") (Dkt. # 50), the Government has disclosed that it has "advised its agents and officers involved in this case to preserve all rough notes." (*See* Dkt. # 50, "G"). In addition to these materials, the Government should likewise be ordered to produce any and all such reports and "rough notes" prepared by the IRS concerning this case, and the method of proof chosen, all of which are material to the preparation of Messrs. Velez' and Garilli's defense, as well as a likely part of the

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

Government's case-in-chief [2]. *See United States v. Bueno–Sierra*, 99 F.3d 375, 380 (11th Cir. 1996) (observing that late disclosure of evidence pursuant to Rule 16 necessitates reversal of defendant's conviction where his substantial rights are violated); *United States v. Rodriguez*, 799 F.2d 649 (11th Cir. 1986) (reversible error occurred where Government failed to disclose documents that were material to the defense and upon which Government relied at trial).

        C.    *The Government Should Be Compelled to Provide Immediate Notification of Its Intent to Rely on Certain Evidence, Including Privileged Material, Pursuant to Fed. R. Evid. 404(b), 501, 609(b) and 807.*

In its Supplemental Response (Dkt. # 50), the Government specified no less than seven (7) categories of purported Rule 404(b) evidence it anticipates presenting during its case-in-chief. (*See* Dkt. # 50, "H"). Rule 404(b) of the Federal Rules of Evidence provides in relevant part that as a predicate to the admissibility of evidence of the accused's "crimes, wrongs, or acts," the Government generally must provide "reasonable notice" in advance of trial of the "general nature of any such evidence it intends to introduce at trial." *See generally United States v. Lampley*, 68 F.3d 1296, 1299 (11th Cir. 1995) (providing that the admissibility of Rule 404(b) evidence in a criminal case must satisfy a three-part test).

Here, while acknowledging that it has a duty to timely advise Defendants of its intent to rely on Rule 404(b) evidence, even at this late date less than 75 days from trial, the Government refuses to certify that there is no *other* 404(b) evidence it anticipates using. Instead the Government continues to attempt to discharge its obligation pursuant to Rule 404(b) and the Court's Standing Discovery Orders, by informing Defendants that in addition to the seven (7)

---

[2]     At present, Defendants have been unable to locate such reports on the index of the Government's case-in-chief materials provided last week. Although the Government may claim that this material is within the 60 remaining boxes of documents it has produced, because these reports were not part of the Search Warrant materials, and are not reflected on the partial index provided by the Government related to these materials, the Government should be compelled to locate this information and produce it to defense counsel forthwith.

WPB:112944:1         5

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

categories of 404(b) evidence noted in Section H of the Supplemental Response (Dkt. # 50), that "all evidence" contained in the 60 boxes of unidexed material, and/or the 6 boxes of partially indexed case-in-chief material, "may be offered in the trial of this case under" Rule 404(b). The Government's "needle in the haystack" approach to disclosure fails to satisfy the letter or spirit of Rule 404(b) notice requirements, because it does not provide the Defendants with the "general nature" of any Rule 404(b) evidence that the Government intends to rely on to permit him to adequately defend against the charges in this case. Therefore, Defendants respectfully request that the Court order that the Government not merely point Defendants in the direction of the 60 or so boxes of discovery provided in this case to claim that proper 404(b) disclosure was made, and instead be compelled to provide the required notice of the general nature of all such evidence to permit Defendants to, if appropriate, timely move against the proposed use of such proposed evidence. *See generally United States v. Brown*, 548 F.2d 1194 (5th Cir. 1977) (holding certain evidence inadmissible under Rule 404(b) in felony tax evasion prosecution case). Simply put, if the only 404(b) evidence the Government will use is listed in Section H of its Supplemental Disclosure, and it will rely on no other, the Government should certify as much immediately, and not rely on the semantics of its earlier response which may result in the unintended consequence of sand-bagging the defense.

### D.   *Rule 807 Notice is also Required.*

Messrs. Velez and Garilli are also entitled to receive notice well in advance of trial of the Government's intention to seek the admission of certain evidence not "specifically covered" by the hearsay exceptions embodied in Rules 803 or 804, but for which it claims is not excluded by the hearsay rule. *See* Fed. R. Evid. 807. Based on communications between defense counsel and counsel for the Government, it is unclear at the present time whether the Government seeks

WPB:112944:1                                    6

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

to rely on such hearsay evidence at trial. Thus, Defendants respectfully request that the Court compel the Government to provide the defense with immediate notice of its intent to offer such evidence, as well as the "particulars" of any such hearsay statements, including their content, and the "name and address" of the declarants. *See* Fed. R. Evid. 807.

> **E.**  *The Government Should Be Compelled to Provide Notice of Its Intent to Rely on Any Statements or Other Information Subject to Common-Law Privilege and Protected by Fed. R. Evid. 501.*

In addition to the 404(b) and 807 notice addressed above, the Government may also be relying on certain information and testimony that is protected from disclosure by one or more common law privileges, including but not limited to, the accountant-client privilege, psychotherapist-patient privilege, marital confidential communication privilege, or adverse spousal testimony privilege. Defendants are in need of disclosure of the Government's intent to attempt to introduce such evidence to permit the filing of appropriate motions in limine and/or suppression motions in advance of trial.

> **2.   DEFENDANTS REQUIRE A BILL OF PARTICULARS TO ADQUATELY DEFEND AGAINST THE INDICTMENT'S CHARGES.**

The Indictment provides scant information to Defendants concerning the alleged "skimming" scheme which forms the basis of the *Klein* conspiracy, which can only be cured by providing an appropriate Bill of Particulars. The purpose of a bill is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution of the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977); *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). As the Eleventh Circuit has recognized, a "bill of particulars, properly viewed,

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

supplements an indictment by providing the defendant with information necessary for trial preparation." *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir. 1986).

Here, although the Indictment contains some details of the alleged tax evasion activities and other general allegations parroting the language of the statutes which form the basis of the Indictment, it is devoid of the particularity required to permit Defendants to adequately defend against the charges. *Cole,* 755 F.2d at 760. Specifically, the Defendants are in need of the following statement of particulars from the Government:

1. While Count I, Paragraph 3.A states that "Velez diverted and caused others to divert cash from Back to Back's daily sales receipts . . . ," it fails to specify *how* Mr. Velez allegedly "diverted and caused others to divert cash" from the gym's daily sales receipts; or who the "others" were (including any unindicted co-conspirators) who may have been involved in the alleged "diversion" or alleged failure to record such monies in the gym's books and records including its tax records;

2. Similarly, Count I, Paragraph 3.E states that "Velez and Garilli failed and caused others to fail to reflect the cash salary payments in Back to Back's books and records . . . " without setting forth Defendants' activities which "caused others to fail" to reflect the payments in the books and records, or identify who the "others" were who are alleged to be involved;

3. Count I, Paragraph 3.G states that "Velez directed Salina to falsify an entry" in the gym's books and records which allegedly had the effect of "understating" income, without disclosing which entry was allegedly "false," what direction was given, or how this direction resulted in income understatement as alleged;

4. Count I, Paragraph 3.H states that "Velez, Garilli and Salina and others known and unknown to the Grand Jury, concealed the existence of the conspiracy and took steps designed to prevent the disclosure," without providing Defendants with any information about the nature of such alleged concealment steps, or who else was involved in the alleged concealment, including any unindicted co-conspirators;

5. Although Count I, Paragraph 4.C states that Defendants "issued and caused the issuance of checks payable to Back to Back in exchange for diverted and skimmed cash receipts," and purports to provide a listing of such checks, it does not identify which Defendants' "personal checks" were allegedly "exchanged" or "caused" to be "exchanged," who allegedly received the "diverted and skimmed cash receipts," and the bank, branch, and account holder for each check listed, the disposition of each check, as well as provide detail of how each check contributed to the alleged *Klein* conspiracy, and for which the Government purports represents individual and "separate overt acts";

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

      6.      While Count I, Paragraph 6 states that "Velez directed Salina to record a false entry on the books and records" of the gym to reduce sales income for 1993, it does not specify the nature of the alleged "false entry," or how the sales income referenced in the paragraph is tied to allegedly skimmed income;

      7.      Similarly, Count I, Paragraph 5 states that the Defendants had caused Salina to record the checks listed in Count I, Paragraph 4 as "additional paid in capital," without explaining how the alleged recording of each as "additional paid in capital" contributed to the alleged *Klein* conspiracy; and

      8.      Finally, in regards to each of the counts of the Indictment, the Defendants are in need of the total tax loss estimated, as well as the "ordinary income" or "capital gain net income" allegedly "realized" by each Defendant as a result of his purported criminal activity.

If the Government does not provide the above information, Defendants will be unable to adequately prepare their defense for they will have been denied information sufficient to inform them of the specifics of the charges against them as it relates to the *Klein* conspiracy and other tax evasion charges.

Further, the discovery already provided to Defendants by the Government does not cure the problem caused by the Indictment's failure to properly inform the Defendants of the charges against them which will be the subject of the Government's case-in-chief. Additionally, the Indictment, without the assistance of bill of particulars, places the Defendants in a dilemma of possibly violating their double jeopardy rights because it is unclear from the Indictment of the specific nature of the charges against the Defendants. *United States v. Davidoff,* 845 F.2d at 1154.

## IV. CONCLUSION

      **WHEREFORE**, Defendants Samuel Velez and Anthony Garilli respectfully request, that the Court compel the Government to: (a) disclose the method of proof it will rely upon to prosecute the charges against the Defendants; (b) disclose related IRS reports concerning the method of proof selected; (c) provide Defendants with a bill of particulars to support the

WPB:112944:1      9

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

Indictment; (c) provide Defendants with notice of its intent to rely on certain Fed. R. Evid. 404(b), 501, and 807 evidence, and (d) for such further relief as the Court deems proper.

United States of America v. Velez/Garilli
Case No. 00-6049-CR-DIMITROULEAS/SELTZER
Defendants' Joint Omnibus Pretrial Motions

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished U.S. mail this 2nd day of May, 2000 to: Greg Tortella, Esquire, Department of Justice, Tax Division – S.C.E.S., P.O. Box 972, Ben Franklin Station Washington, DC 20044.

**Respectfully Submitted,**

**RUDEN, McCLOSKY, SMITH,**
**SCHUSTER & RUSSELL, P.A.**
**200 E. Broward Boulevard**
**Suite 1500 Ft. Lauderdale, FL 33301**
Tel:   954/764-6660
Fax:   954/764-4996

and,

**222 Lakeview Avenue, Suite 800**
**West Palm Beach, Florida 33401**
Tel:   561/838-4500
Fax:   561/832-3036

By: _____
Marc S. Nurik
Florida Bar No. 272817
Michael S. Popok
Florida Bar No. 44131

and,

**LAW OFFICES OF BRUCE ZIMET, P.A.**
**Counsel for Anthony Garilli**
**1 Financial Plaza**
**Ft. Lauderdale, FL 33394**
Tel:   954/764-7081
Fax:   954/760-4421

By: _____
Bruce A. Zimet
Florida Bar No. 225053

WPB:112944:1                          11