IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

00 SEP 14 PM 2:46

Case No. 00-6049-CR-DIMITROULEAS/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SAMUEL VELEZ, JR.,
ANTHONY GARILLI, and
JOSEPH SALINA

    Defendant.



### DEFENDANT SAMUEL VELEZ, JR.'S
### UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING

**COMES NOW**, Defendant SAMUEL VELEZ, JR. ("Mr. Velez") by and through his undersigned counsel, and hereby files his Unopposed Motion to Continue Sentencing Hearing, on the following showing of good cause:

1. The Indictment in this matter alleges a *Klein* tax evasion conspiracy arising out of the skimming of cash from a Gold's Gym in Fort Lauderdale by its four owners, including Mr. Velez, and the preparation of false income tax returns by their accountant.

2. Pursuant to the Plea Agreement between Mr. Velez and the Government (Dkt. # 77), Mr. Velez has agreed to plead guilty to Count I of the Indictment (Dkt. # 1).

3. On August 31, 2000 the Probation Office provided the parties with the Presentence Investigation Report (PSR). The defense opposes the PSR's: (a) failure to provide Mr. Velez with full "acceptance of responsibility" credit pursuant to USSG Section 3E1.1(b), and (b) its assignment of a two-level enhancement to Mr. Velez under USSG § 3B1.1 as the purported "leader" of the tax evasion conspiracy.



4. Despite good faith efforts between the Government and Mr. Velez' defense counsel to resolve these issues, including the Government's agreement to jointly seek a three-level acceptance of responsibility credit for Mr. Velez if appropriate, there remains one major unresolved issue concerning Mr. Velez' sentencing: Whether he should be given a two-level enhancement under USSG Section 3B1.1 for his role in the tax-evasion conspiracy resulting in an Offense Level 13 or 14, or be sentenced pursuant to a Level 12 as urged by the defense.

5. As a result, the parties anticipate that during an evidentiary hearing before the Court on the issue of Section 3B1.1 "leadership," the Government will call three witnesses, and the defense will call three witnesses. Further, the defense will provide the Court with documentary evidence which further support a finding that Mr. Velez should not be given a two-level enhancement.

6. The Court has scheduled Mr. Velez' sentencing hearing to occur on September 22, 2000 at 11:00 a.m.

7. In preparing for the sentencing hearing, the undersigned counsel contacted the Court's staff, and was informed that only a short block of time was reserved for the hearing.

8. The parties believe that at least a two-hour evidentiary hearing block should be reserved for the remaining sentencing issue.

9. Prior to filing this motion, the undersigned counsel spoke with the Government's AUSA Gregory Tortella, Esq. who indicated that the Government does not oppose the continuance sought by this motion.

**WHEREFORE**, Defendant Samuel Velez, Jr. respectfully requests that this Unopposed Motion be granted and that the sentencing hearing scheduled for September 22, 2000 be

continued to the first available date and time to permit at least a 2-hour evidentiary hearing on his objections, and for such other relief as the court seems just.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished U.S. mail this __14th__ day of September, 2000 to: Greg Tortella, Esquire, Department of Justice, Tax Division – S.C.E.S., P.O. Box 972, Ben Franklin Station Washington, DC 20044, and to Dennis Woolfolk, U.S. Probation Office, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132.

Respectfully Submitted,

RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
200 E. Broward Boulevard
Suite 1500 Ft. Lauderdale, FL 33301
Tel: 954/764-6660
Fax: 954/764-4996

By: _____
MARC S. NURIK
Florida Bar No. 272817
MICHAEL S. POPOK
Florida Bar No. 44131