# United States District Court

## Southern District of Florida
**FORT LAUDERDALE DIVISION**
**AMENDED**

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For Offenses Committed On or After November 1, 1987) |
| SAMUEL VELEZ, JR. | Case Number: **00-6049-CR-WPD** |
| | Counsel For Defendant: **Marc Nurik, Esq.** |
| | Counsel For The United States: **Gregory Tortella, AUSA** |
| | Court Reporter: **Robert Ryckoff** |

### THE DEFENDANT:

X  pleaded guilty to count(s)   ONE

☐  pleaded nolo contendere to count(s)
   which was accepted by the court.

☐  Was found guilty on count(s)
   after a plea of not guilty

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Defraud the Internal Revenue Service | 10/31/1995 | ONE |

The defendant is sentenced as provided in pages 2 through __8__ Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s)

X  **Count(s)   2-4,6,7**    (are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **12/01/1948**
Defendant's USM Number: **55231-004**

Defendant's Residence Address:
3600 Durango Street

Coral Gables, FL 33134

Defendant's Mailing Address:
3600 Durango Street

Coral Gables, FL 33134

**10/20/2000**
Date of Imposition of Judgment

**William P. Dimitrouleas**
United States District Judge

Date



DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Five (5) Months.

X **The Court makes the following recommendations to the Bureau of Prisons:** that the sentence be served in a community correction center.

— The defendant is remanded to the custody of the United States Marshal.

X **The defendant shall surrender to the United States Marshal for this district IN MIAMI, FLORIDA**

    X **by 12 Noon A.m. / p.m. on January 5, 2001.**

    — as notified by the United States Marshal.

— The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:.

    Before 2:00 p.m. on

    as notified by the United States Marshal.

    As notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____, with a certified copy of this judgment.

                                            UNITED STATES MARSHAL

                                    By_____
                                       Deputy U.S. Marshal

DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Three (3) Years.

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

X **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

X **The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each Month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other Acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer and controlled Substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a Felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any Contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the Permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal Record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

## SPECIAL CONDITIONS OF SUPERVISION

The first five (5) months of the term of supervision are to be spent in house arrest.

(A)  It is further ordered that the defendant cooperate fully with the Internal Revenue Service in determining and paying any tax liabilities related to the prosecution. The defendant shall provide to the Internal Revenue Service all requested documents and information for purposes of any civil audits, examinations, collections or other proceedings.

(B)  It is further ordered that the defendant file accurate income tax returns for the prosecution years and to pay all taxes, interest and penalties due and owing by him to the Internal Revenue Service.

DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | **$50.00** | **$3,000.00** | **$** |

- The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

- The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage of Payment |
|---|---|---|---|
| **Totals:** | **$** | **$** | |

- If applicable, restitution amount ordered pursuant to plea agreement. . . . . . . . . . . . . . . .  $

- The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

- The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  - The interest requirement is waived for the fine and/or restitution.

  - The interest requirement for the fine and/or restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X]  **Lump sum payment of $ 3050.00   Due immediately.**

    Not later than    , or
    In accordance with C, D, or E below; or

B  ☐  Payment to begin immediately (may be combined with C, D, or E); or

C  ☐  Payment in   (E.g., equal, weekly, monthly, quarterly) installments of $   Over a period of
    (E.g., months or years), to commence   (E.g., 30 to 60 days) after the date of this judgment; or

D  ☐  Payment in   (E.g., equal, weekly, monthly, quarterly) installments of $   Over a period of
    (E.g., months or years), to commence   (E.g., 30 to 60 days) after release from imprisonment to a term
    Of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33132**

**The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

☐  Joint and Several
    Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

# STATEMENT OF REASONS

☐ The Court adopts the factual findings and guideline application in the presentence report.

## OR

☒ **The Court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):** The Court reduced the offense level by 2 points as it did not find the defendant was an organizer/leader pursuant to 3B1.1

**Guideline Range Determined by the Court:**

Total Offense Level: 12

Criminal History Category: I

Imprisonment Range: 10 to 16 months

Supervised Release Range: 2 to 3 years

Fine Range: $3,000 to $30,000

Fine waived or below the guideline range because of inability to pay.

Total amount of Restitution: $

- Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

- Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

- Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong The sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the Sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

- For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic Circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the Payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

- Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: **VELEZ, JR., SAMUEL**
CASE NUMBER: **00-6049-CR-WPD**

## STATEMENT OF REASONS

X   The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

The sentence departs from the guideline range:

upon motion of the government, as a result of defendant's substantial assistance.

For the following specific reason(s):